UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ETOSHA HARVIN                                          JURY TRIAL DEMANDED

V.                                                     CASE NO. 3:14 CV

NAPOLI INDOOR AUTO OUTLET, L.L.C.
SANTANDER CONSUMER USA INC.

**COMPLAINT**

1. This is an action for actual, statutory, and punitive damages and attorneys fees for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.;* and for actual, minimum, and punitive damages for violation of the Motor Vehicle Information and Cost Savings Act (Odometer Law), 49 U.S.C. §32701 et seq.; and for fraud or violation of the Connecticut Unfair Trade Practices Act, section 42-110a Conn. Gen. Stat. et seq. and the Connecticut odometer law, §14-106b Conn. Gen. Stat., for breach of contract; breach of warranty, breach of the duty of good faith and fair dealing, for violation of the common law of misrepresentation, as well as damages pursuant to the Uniform Commercial Code ("UCC"), and the Creditor's Collection Practices Act ("CCPA").

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), § 1691 e(f) and 28 U.S.C. § 1331 and §1367.

3. Plaintiff is a resident of New Haven Connecticut.

4. Defendant Napoli is a Connecticut corporation established in 1996 to sell used cars in Milford CT.

5. Plaintiff purchased a used 2010 Infiniti G37x from Napoli pursuant to a Retail Installment Contract on October 12, 2013.

6. Santander thereafter notified plaintiff that her loan contract had been assigned to it, even though the contract itself provided for assignment to Capital One Auto Finance.

7. Napoli did not provide plaintiff with an odometer statement.

8. Napoli included $750 GAP insurance in the deal without discussion, which plaintiff did not want due to a prior bad experience with GAP insurance.

9. Shortly after the purchase, the Infiniti proved seriously defective and has been in Napoli's possession or control for repairs continually through the date of this complaint, including for replacement of its engine.

10. The Infiniti was not fit for the road, and should never have been sold to plaintiff.

11. On January 27, 2014, plaintiff notified Santander and Napoli that she canceled the transaction and sought a refund.

12. Neither defendant has honored the cancellation.

13. Santander has continued to contact plaintiff for payment despite knowing of the cancellation of the contract and her representation by attorney.

14. Plaintiff was not given a copy of the disclosures mandated by TILA. For instance, the contract she was given provided for monthly payments of $566.36, but Santander claimed her monthly payment was $540.32.

15. Napoli included a down payment of $1,000 that plaintiff did not make in order to enable it to sell the contract to an assignee.

16. During 2013, each defendant entered into more than 25 retail installment

contracts with individuals which were payable in more than four installments.

17. The retail installment contract included a charge of $199 for "VIN Etch," which was not provided.

18. Upon information and belief, defendant did not pay any entity any portion of the charges for the GAP contract or for the VIN etch amounts included in plaintiff's transaction.

19. Defendants breached their contract by not complying with applicable statutes. Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U.S. 649, 660 (1922); Harlach v. Metropolitan Prop. & Liab. Ins., 221 Conn. 185, 192, 602 A.2d 1007 (1992). See also Walsh v. Waldron & Sons, 112 Conn. 579, 582, 153 A. 298 (1931); Ciarleglio v. Benedict & Co., 127 Conn. 291, 293, 16 A.2d 593 (1940).

20. The defendant's acts complained of herein were done or omitted as a matter of routine practice and procedure, intentionally and/or in reckless disregard of the rights of the consumer plaintiff.

DAMAGES

Due to the defendant's conduct, plaintiffs lost the payments on the vehicle; the value of the moneys paid for car insurance, and suffered inconvenience, expense, anxiety, and derogatory credit.

WHEREFORE, it is respectfully prayed that this Court:

1. Award statutory, actual, and punitive damages to the plaintiff under TILA, the UCC, CUTPA, , CCPA, or common law.

2. Award costs and a reasonable attorney's fee.

3. Award such other or further relief as the Court deems just or equitable.

THE PLAINTIFF

BY ___/s/ Joanne S. Faulkner___
 JOANNE S. FAULKNER  ct04137
 123 Avon Street
 New Haven, CT  06511-2422
 (203) 772-0395
 faulknerlawoffice@snet.net